# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **J.T.** ) | |
|          **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No.** |
| ) | |
| **DISTRICT OF COLUMBIA** ) | |
| **One Judiciary Square** ) | |
| **441 Fourth Street, NW** ) | |
| **Washington, DC 20001,** ) | |
|          **Defendant.** ) | |
| ) | |

## PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO PROCEED ANONYMOUSLY

Plaintiff J.T. respectfully moves to proceed anonymously so as to further protect the identity of her child.

The District has stated that while it cannot consent to this motion before the case is opened, it does not oppose this Motion.

For the reasons stated in the attached memorandum, this Court should allow the Plaintiff to proceed anonymously.

Respectfully submitted,

/s/
Douglas Tyrka, #467500
Tyrka & Associates, LLC
7322 Churchill Road
McLean, VA  22101
(ph) (202) 332-0038
(f) (202) 332-0039

1

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **J.T.** ) | |
|                 **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No.** |
| ) | |
| **DISTRICT OF COLUMBIA** ) | |
| **One Judiciary Square** ) | |
| **441 Fourth Street, NW** ) | |
| **Washington, DC  20001,** ) | |
|                 **Defendant.** ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
UNOPPOSED MOTION FOR LEAVE TO PROCEED ANONYMOUSLY**

This is an Individuals with Disabilities Education Act ("IDEA") case brought by the mother of a minor student with special needs.

As in most IDEA cases, the record of the administrative proceedings underlying this case contains educational records.

Where important privacy interests are present, "it is within the discretion of a court to grant the 'rare dispensation' of anonymity, subject to the requirement that a court 'inquire into the circumstances of [a] particular case[ ].'" *Eley v. D.C.*, No. 16-CV-806 (BAH/GMH), 2016 WL 6267951 at *1 (D.D.C. Oct. 25, 2016), *quoting United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995) (internal quotation marks omitted). "In considering such a request, a court must balance a party's reasons for wanting to proceed anonymously against the public interest and the public right of access, as well as any unfairness anonymity might work on the opposing party." *Eley*, 2016 WL 6267951 at *1, *citing Nat'l Ass'n of Waterfront Employers v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008).

In *Chao*, the court outlined the five-part balancing test generally applied in this jurisdiction:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;
> (4) whether the action is against a governmental or private party; and
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Eley*, 2016 WL 6267951 at *1-2, *citing Chao*, 587 F. Supp. 2d at 98 *and J.W. v. District of Columbia*, Civ. Act. No. 16-0573 (RC), 2016 WL 4543993, at *2 (D.D.C. Aug. 31, 2016) (applying *Chao* to IDEA parental anonymity question).

"Children's identities in court filings are a special case, however." *Eley*, 2016 WL 6267951 at *2. In IDEA cases, in which parents assert their children's rights and their own related rights, "unless the parent or guardian is granted anonymity, the child's identity would effectively be revealed in the court filing through a combination of the name of the parent or guardian and the child's initials." *Eley*, 2016 WL 6267951 at *2.

The IDEA protects the identity of students. *See, e.g.,* 20 U.S.C.A. § 1417 (identifying records to be kept confidential). The implementing regulations require agencies to protect the names of children and their parents and any "other information that would make it possible to identify the child with reasonable certainty." 34 C.F.R. §§ 300.32, 300.610. The court protects the identity of children in general. *See* Fed R. Civ. P. 5.2(a)(3); LCvR 5.4(f)(2) (only initials used in filings).

On the other side of the balance, there is no risk of unfairness to the District if the Plaintiff proceeds anonymously. *See J.W.*, 2016 WL 4543993 at *5 ("at most, only a marginally

greater burden"); *quoted by Eley*, 2016 WL 6267951 at *3; *see also P.M. v. Evans-Brant Cent. Sch. Dist.*, No. 08-CV-168A, 2008 WL 4379490, at *3 (W.D.N.Y. Sept. 22, 2008) (IDEA "plaintiffs should be permitted to proceed, as a matter of course, using initials in place of full names in public filings with the Court").

For these reasons, the Court should allow the Plaintiff to proceed anonymously.

.

                Respectfully submitted,

                /s/_____
                Douglas Tyrka, #467500
                Tyrka & Associates, LLC
                7322 Churchill Road
                McLean, VA  22101
                (ph) (202) 332-0038
                (f) (202) 332-0039